FILED

MAY 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGEI PORTNOY, | No. 13-16384 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01720-GEB-EFB |
| v. | |
| CITY OF WOODLAND; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Sergei Portnoy appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging federal and state law violations arising from

his arrest at his home.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Portnoy's Fourth Amendment claims related to his arrest, because Portnoy failed to raise a genuine dispute of material fact as to whether he gave consent to defendants to enter his home, whether defendants had probable cause to arrest him for fraudulently cashing a check with insufficient funds, and whether the protective sweep was justified based on a reasonable suspicion of danger. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010) (consent is an exception to the Fourth Amendment's warrant requirement); *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (warrantless arrest permissible where probable cause exists); Cal. Penal Code § 476a(a) (any person who willfully makes or delivers a check with knowledge that it has insufficient funds is subject to imprisonment of up to one year); *Maryland v. Buie*, 494 U.S. 325, 334-36 (1990) (protective sweep permissible for the protection of the arresting officers).

The district court properly granted summary judgment on Portnoy's Fourth Amendment claim related to his probable cause determination, because Portnoy failed to raise a genuine dispute of material fact as to whether the named defendants were involved in or had control of this determination. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (requiring judicial determination of probable cause within 48 hours of a warrantless arrest).

13-16384

The district court properly granted summary judgment on Portnoy's emotional distress claims because Portnoy failed to raise a genuine dispute of material fact as to whether defendants acted reasonably. *See Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (elements of an intentional infliction of emotional distress claim); *Fluharty v. Fluharty*, 69 Cal. Rptr. 2d 244, 246-47 (Ct. App. 1997) (elements of a negligent infliction of emotional distress claim).

The district court properly granted summary judgment on Portnoy's Human Rights Act claim, assault claim, and trespass claim because Portnoy failed to identify any law or facts to support these claims.

We reject Portnoy's Fourteenth Amendment familial relations claim.

The district court properly granted summary judgment on Portnoy's claims as to the City of Woodland because Portnoy failed to demonstrate that the government had a deliberate policy, custom, or practice that was the moving force behind any alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009).

**AFFIRMED.**